ELISE P. SMITH *vs.* SUPERIOR COURT.

APRIL 29, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

(1) *Poor Debtor's Oath. "Debt or Demand."*

A defendant in an action of deceit, who is at liberty upon bail, is not entitled to take the poor-debtor's oath under the provisions of Gen. Laws, 1909, cap. 326, after verdict given for the plaintiff but prior to the entry of judgment in said action, for a claim for damages does not become a debt within the meaning of section one of said chapter until the entry of judgment thereon; the words, "debt or demand" in section 12 of said chapter being intended to cover comprehensively only the different actions referred to in section 1.

PETITION for writ of prohibition. Petition granted.

STEARNS, J.   This is a petition for a writ of prohibition to restrain the Superior Court from proceeding to act upon the petition of one John G. Platt to take the poor debtor's oath.

John G. Platt is the defendant in an action on the case for deceit wherein the petitioner, Elise P. Smith, is the plaintiff. The action was begun by writ of arrest ; the defendant was arrested, furnished bail and is now at liberty on bail.   The action was tried in the Superior Court and resulted in a verdict for the plaintiff.   Thereupon the defendant filed a motion for a new trial in the Superior Court, upon which no hearing has yet been had.   The defendant also filed in the Superior Court a petition asking that he be allowed to take the poor debtor's oath under the provisions of Chapter 326, General Laws of R. I., 1909.

The question of law thus raised is as follows:   Is the defendant in an action of deceit, who is at liberty upon bail, entitled to take the poor debtor's oath after verdict given for the plaintiff but prior to the entry of judgment in said action?

Chapter 326, "Of the Relief of Poor Debtors" provides for the relief of poor debtors in three situations.

1.   Where the applicant is imprisoned at the time the petition for relief is filed.   (Secs. 1 to 11, inclusive.)   The provisions of sections 1 to 11 apply to all cases where the defendant is imprisoned for debt, with certain definite exceptions enumerated in Section 10 of the chapter.

2.   Where the applicant is not imprisoned at the time the petition for relief is filed, but if he were then committed to jail would be entitled to take the poor debtor's oath.   (Secs. 12 to 16, inclusive.)   The application must be made to the court before which the action is pending.   Relief in this situation is limited to the period preceding the issuance of execution against the defendant.   *Taylor, Symonds & Company* v. *Bliss*, 30 R. I. 453, 456.

3.   Where the applicant is not imprisoned at the time the petition for relief is filed, but where execution has been issued against him, or judgment has been rendered against him,

and in either case, the applicant, if committed to jail, would be entitled to take the oath. (Secs. 17 *et seq.*) The application in classes one and three must be made to the justice of a district court in the county in which the defendant is liable to be imprisoned. If the defendant is entitled to relief it must be by virtue of the provisions of Section 12, which section is as follows: "The court before which any action is pending for the recovery of any debt or demand for which the defendant, if committed to jail thereon, would be entitled to be admitted to take the oath aforesaid, may administer the said oath to the defendant as hereinafter provided."

The right of the defendant in this case to relief is the same as if he were imprisoned and not on bail. This brings us to a consideration of Section 1 of said chapter, which is as follows: "Any person who shall be imprisoned for debt, whether on original writ, mesne process, or execution, or for non-payment of military fine or town or state taxes, or on execution awarded against him as defendant in any action of trespass and ejectment or trespass *quare clausum fregit*, in which title to the close was in dispute between the parties," . . . "may request to be admitted to take the poor debtor's oath."

This section as well as the other provisions of Chapter 326 has been in the statute law of this state for more than a century. A review of the history of the act may be found in *Thompson* v. *Berry*, 5 R. I. 95 and *In Re Kimball*, 20 R. I. 688.

Under Section 1 a person must be imprisoned for debt to be admitted to take the oath. If the defendant were now imprisoned in this action for deceit, he would be imprisoned on a claim for damages in an action for a tort and not for a debt; as this claim for damages does not become a debt within the meaning of the statute, until the entry of judgment thereon the defendant if imprisoned could not now take the oath. See *In the matter of Harvey F. Payton*, 7 R. I. 153.

But it is argued that as Section 1 is restricted to cases of imprisonment for debt and as Section 12 refers to actions for the recovery of any debt or demand, the words *debt* or *demand* as used in Section 12 include any action of such a nature that the defendant, if imprisoned on execution in such action, would be entitled to take the poor debtor's oath. It is conceded that this construction of the act is one which has never before been made by this court. The practical construction of the act thus appears to be adverse to the claim of the defendant. We think that the words *debt* or *demand* in Section 12 were simply intended to cover comprehensively the different actions referred to in Section 1. The defendant has not been imprisoned because he was able to furnish bail. To allow the defendant the relief given by the poor debtor's oath when he is not imprisoned, which would be denied to him in the same circumstances if he were imprisoned, would be contrary to the intent of the act and we find nothing in the terms of the statute which warrants such a construction of the act.

As judgment has not been entered in this case, the defendant Platt is not now entitled to take the poor debtor's oath.

The petition for a writ of prohibition is granted.

*Green, Hinckley & Allen* (*Chauncey E. Wheeler* of counsel) for petitioner.

*Waterman & Greenlaw, Charles E. Tilley,* for respondent.